**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| **ex rel. THOMAS CHILDS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **No. 09 C 709** |
| **v.** ) | |
| ) | **Judge Joan H. Lefkow** |
| **DONALD GAETZ,[1] Warden, Menard** ) | |
| **Correctional Center,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION AND ORDER

Thomas Childs, who is currently incarcerated at Menard Correctional Center, has filed a

*pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Childs asserts four grounds for

relief: (1) he was denied a fair trial, (2) he is being held unlawfully because he was indicted

under a statute that had not yet gone into effect, (3) he received ineffective assistance of counsel

at the trial and appellate levels, and (4) his sentence is excessive. Before the court is

respondent's motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1)(A). For

the reasons that follow, the motion [#15] is granted.

## BACKGROUND

In 1995, following a bench trial, Childs was convicted of first degree murder, home

invasion, and attempted armed robbery. He was sentenced to concurrent terms of 80, 30, and 15

years of imprisonment. Childs appealed his conviction and sentence. The Illinois Appellate

---

[1] The original respondent in this case was Don Hulick. Because Donald Gaetz has replaced
Hulick as the warden of Menard Correctional Center, Gaetz has been substituted as the proper party
respondent. *See* Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Court; Fed.
R. Civ. P. 25(d).

Court affirmed the judgment on August 25, 1997. Childs then filed a petition for leave to appeal ("PLA"), which the Illinois Supreme Court denied on December 3, 1997. He did not seek review in the United States Supreme Court.

On April 16, 1998, Childs filed a petition for post-conviction relief in the Circuit Court of Cook County. On June 2, 1998, the state trial court dismissed the post-conviction petition. Childs did not file a timely notice of appeal, but did move for leave to file a late notice of appeal, which was denied on June 9, 1999.

Childs filed a second post-conviction petition in the Circuit Court of Cook County on March 21, 2001, which the state trial court dismissed on May 21, 2001. Again failing to file a timely notice of appeal, Childs moved for leave to file a late notice of appeal, which was denied on March 15, 2002.

Childs then filed a third petition for post-conviction relief in the Circuit Court of Cook County on April 24, 2003. The state trial court dismissed this petition on May 2, 2003.[2]

On December 5, 2003, Childs filed a motion to dismiss the indictment, which the state trial court denied. The Illinois Appellate Court dismissed Childs's appeal for lack of jurisdiction on October 13, 2004. Childs filed a PLA, which the Illinois Supreme Court denied on January 26, 2005. Childs then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 3, 2005.

Childs filed a state habeas corpus petition on November 30, 2006.[3] The state trial court

---

[2] The docket sheet reflects that the petition was dismissed on May 1, 2003, but Childs reports that it was dismissed on May 2, 2003. Respondent has agreed to give Childs the benefit of the later date. *See* Resp't's Mot. at 3 n.2.

[3] The docket sheet reflects that the petition was filed December 21, 2006. Respondent has again agreed to give Childs the benefit of the earlier filing date, November 30, 2006. *See* Resp't's Mot. at 3

denied relief.  Childs appealed and had counsel appointed to represent him.  His appointed

counsel was given leave to withdraw inasmuch as a prisoner does not have a right to appointed

counsel in post-conviction proceedings, as established by *Pennsylvania* v. *Finley*, 481 U.S. 551,

107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).  The Illinois Supreme Court denied Childs's PLA on

November 26, 2008.

Childs filed the instant federal habeas corpus petition on January 26, 2009.

## DISCUSSION

Federal law imposes a one-year statute of limitations on habeas corpus petitions filed

under 28 U.S.C. § 2254.  Section 2244(d)(1) provides that the limitations period runs from the

latest of four possible dates: (A) the date the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review; (B) the date the impediment to

filing an application created by state action in violation of federal law is removed, if the

applicant was prevented from filing by such state action; (C) the date the constitutional right

asserted was initially recognized by the Supreme Court, if the right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the

date the factual predicate of the claims presented could have been discovered through the

exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)–(D).

Because no showing or argument has been made that any of § 2244(d)(1)(B), (C) or (D)

applies in this case, section 2244(d)(1)(A) is applicable here.  The Illinois Supreme Court denied

Childs's PLA with respect to his direct appeal on December 3, 1997.  The time during which he

could have petitioned the United States Supreme Court for a writ of certiorari expired on March

n.3.

3, 1998, and the statute of limitations began to run on that date.  *See Anderson* v. *Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) ("[T]he ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run.").

Forty-four days later, on April 16, 1998, Childs filed his first post-conviction petition with the state trial court, thereby tolling the statute of limitations.  *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . .").  Childs's post-conviction petition was denied on June 2, 1998, and Childs failed to file a timely notice of appeal by July 2, 1998, at which point, respondent contends, the clock began to run again.[4]

An additional 993 days elapsed until the limitations period was tolled again on March 21, 2001, upon the filing of Childs's second post-conviction petition.[5]  After this petition was dismissed on May 21, 2001, the statute of limitations continued to run from June 20, 2001, thirty days after dismissal.

An additional 673 days later, on April 24, 2003, Childs filed his third post-conviction

---

[4] The Seventh Circuit has reserved the question of whether the thirty days provided for filing a notice of appeal is treated as time during which an application is pending if no notice of appeal is then filed.  *Fernandez* v. *Sternes*, 227 F.3d 977, 980 (7th Cir. 2000).  As resolution of this question will not affect the ultimate calculation, the court, noting respondent's agreement, will give Childs the benefit of these thirty days.  *See* Resp't's Mot. at 5 n.5.

[5] Although Illinois now imposes preconditions for filing successive post-conviction petitions, *see* 725 Ill. Comp. Stat. 5/122-1(f), at the time Childs filed his second and third post-conviction petitions, no preconditions existed.  Thus, Childs's petitions, at the time made, were properly filed and so the limitations period was tolled for the time during which they were pending.  *See Smith* v. *Walls*, 276 F.3d 340 (7th Cir. 2002), *abrogated by Martinez* v. *Jones*, 556 F.3d 637 (7th Cir. 2009).

petition, which was dismissed on May 2, 2003. Thus, thirty days later, June 1, 2003, the clock began to run again.

Childs next challenged his conviction 187 days later on December 5, 2003, when he moved to dismiss the indictment. Respondent assumes, without conceding, that this filing tolled the limitations period, and the court will do the same. The clock was thus tolled until January 26, 2005, when the Illinois Supreme Court denied Childs's PLA related to this filing.[6]

Another 673 days then elapsed until Childs filed his state habeas corpus petition on November 30, 2006. This proceeding tolled the limitations period until November 26, 2008, when Childs's PLA from the dismissal of his petition was denied. The clock then ran until Childs filed the instant federal habeas corpus petition on January 26, 2009, a period of sixty-one days.

Adding the days of untolled time, the clock was running for a total of 2631 days. Thus, Childs filed his federal habeas petition more than six years after the expiration of the limitations period, barring his claims.

Under certain circumstances, however, the § 2244(d) limitations period may be subject to equitable tolling. To be entitled to equitable tolling, a habeas petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented his timely filing. *Lawrence* v. *Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (citing *Pace* v. *DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161

---

[6] The limitations period was not tolled while Childs's petition for writ of certiorari was pending in the United States Supreme Court. *See Lawrence* v. *Florida*, 549 U.S. 327, 332–33, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007).

L. Ed. 2d 669 (2005)).[7]

In his response, Childs appears to argue that he is entitled to equitable tolling because his counsel on direct appeal advised him not to file a petition for certiorari in the United States Supreme Court and that Childs's next avenue for relief was filing a post-conviction petition. The Seventh Circuit has established that equitable tolling is not justified for attorney negligence. *Arrieta* v. *Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Modrowski* v. *Mote*, 322 F.3d 965, 967–68 (7th Cir. 2003). Even if the advice of Childs's attorney could be considered an extraordinary circumstance, Childs's federal habeas petition would not be saved as he did not pursue his rights diligently. Rather significant periods of time elapsed between his various post-conviction filings and almost eleven years have elapsed since his conviction became final. Consequently, Childs is not entitled to equitable tolling and his § 2254 petition is time-barred.

## CONCLUSION AND ORDER

For the foregoing reasons, respondent's motion to dismiss Childs's petition [#15] is

---

[7] The Supreme Court did not address in *Lawrence* whether § 2244(d) actually allows for equitable tolling. 549 U.S. at 336. Rather, the Court assumed without deciding that equitable tolling is available because the parties in that case agreed that it was. *Id.* The Seventh Circuit has similarly reserved decision on the issue. *See Williams* v. *Buss*, 538 F.3d 683, 685 (7th Cir. 2008).

granted.  Case is terminated.

Dated: January 5, 2009                    Enter: _____
                                                 JOAN HUMPHREY LEFKOW
                                                 United States District Judge